With the attorneys who are going to make a presentation, please approach the podium. State your name and the party you represent. Good morning. My name is Daniel Coyne. I'm from Chicago Catholic College of Law. I'm appearing on behalf of Mr. Clark. Good morning, Your Honors. Assistant Attorney General Stephen Soltanzotti on behalf of the people. Very well. We have 30 minutes allotted for this case. The time will be divided equally between the parties. The appellant may reserve time for rebuttal. And with that, you may proceed. Thank you. May it please the Court, Counsel, this matter is here on a Rule 308 review on a certified question from the criminal courts. The certified question is quite simply, does the respondent have a statutory or constitutional right to issue a subpoena ducis tecum before a probable cause hearing in a sexually violent person's case? We would submit to you that to hold otherwise would essentially declaw the respondent's right to cross-examination and thus render the probable cause hearing a mere formality. To understand the context in which this was raised, it's important to know that the only testimony that was going to be had at the probable cause hearing would be from an expert opinion, from an expert witness. That was Dr. Nicolai. The records she reviewed were available to her on March the 11th, 2013. She reviewed those records, interviewed the respondent on March 28th, 2013. It wasn't until July 8th of 2013 when we were appointed in the case that those items were subpoenaed by us, asking for a return date of July 24th for an August How much does any of that really impact on whether a defendant has a right? It only goes to the issue that was raised by the State in their briefs, that pursuant to Section 30, there is no time to respond to any subpoena and thus there should not be a right to a subpoena. So turning to whether or not we have a right to a subpoena, I would submit to the Court that we do and that right first of all arises through Section 30 and Section 25 of the in order to secure a detention order for an SVP respondent. After that detention order, pursuant to Section 30B, a formal probable cause hearing is required. This hearing, as this Court has pointed out before in Fields and in Dodge, these hearings under the SVP Act are not mere formalities. They are substantive hearings that call for adversarial Therein lies the right to a subpoena ducis tecum. One cannot secure the appearance of a witness and cannot secure documents with which to cross-examine a witness unless one utilizes a subpoena ducis tecum. This has been recognized in a number of cases before this Court and before the Illinois Supreme Court. First of all, in Rainey, Rainey says that there is a right to effective counsel in SVP proceedings. In Fisher v. Carey from the Illinois Supreme Court, it was held that in order to have effective cross-examination, meaningful cross-examination, counsel must be prepared. The only way to prepare is to get the records from the people that are going to be testified. And that preparation extends to all stages of the proceedings, including a probable cause hearing. In this Court's decision in Negron, the Court said that the burden is on the adverse party in a situation where there is an expert witness testifying to challenge that underlying, that opinion with use of underlying documents. Whatever it is that supports that opinion must be cross-examined. Finally, in Hardin, the case that the State relies upon most heavily, it's a case from the Illinois Supreme Court that defined the purpose of the probable cause hearing in an SVP case. They said, and I would quote to the Court, the purpose of the probable cause hearing is to show that there is a substantial basis for going forward with the commitment while it is virtually certain that if probable cause is found, the person will remain in custody until the proceeding, thus providing a barrier to improvident or insubstantial commitment petitions which are not likely to succeed on the merits. The only way to be able to have the cross-examination with which a court can evaluate an expert opinion's testimony is to have those documents that the expert looked at. The subpoena in this case did not ask for documents that the expert did not look at. We asked for the same exact documents that they looked at. We know what documents they looked at. And again, whether you asked for things that you were entitled to or not in the subpoena, the issue in this case is not the scope of the subpoena, but the right to actually subpoena, use a subpoena deus ex decum prior to the hearing for probable cause. That's correct, Judge. That comment was only, again, directed toward the State's brief, which indicates that the subpoena material was overly broad and was  I'm not wondering directly whether or not we have the right to a subpoena deus ex decum. First of all, we would assert that the right to that subpoena deus ex decum is part of the due process protections. Is there any situation, I can't think of one, where you're not entitled? I cannot think of one. The State did not cite any authority to the Court where we would not be entitled to a subpoena at any hearing. The analysis for due process protection is in Matthews v. Eldridge. It was adopted by this Court in the weekly analysis. The first thing to look at is whether there's a private interest involved. There is weekly held that the private interest involved is the liberty interest of the respondent. If there is a risk of erroneous deprivation, we would submit to this Court that that risk is manifest. Without the subpoena deus ex decum materials, we cannot begin to cross-examine a witness. So the risk there is that we would have an ineffective probable cause hearing. Finally, the State alleges that there is an insurmountable burden on the State to produce these documents. Initially, these documents aren't in the custody of the State. They don't have to turn over anything. They're in the custody of an independent evaluator, and as I pointed out, they were in the custody of that independent evaluator for months before we had asked for them. Turning to statutory arguments, Section 20 of the SVP Act, Section 211, 1003 of the Code of Civil Procedure, 211.01 of the Code of Civil Procedure and Supreme Court Rule 201 all set forth the process, I'm sorry, the protection that we are alleging. Section 20 says that if the SVP Act is silent, essentially, then we turn for guidance to the Code of Civil Procedure. The Code of Civil Procedure says that subpoenas may be issued upon request of counsel, returnable to counsel. It says that discovery, if we are to consider this discovery, shall be conducted in accordance with the Supreme Court rules, and the Supreme Court rules say that upon appearance of any defendant, discovery may commence. So the statutes are unambiguous. They should be liberally construed to affect the purpose of the Act, which is to hold a probable cause hearing, and our constitutional protection under due process is manifest. We also raise the issue of equal protection. In Section 30B of the Act, there are two provisions, two separate provisions, for probable cause hearing and their timing. The first is for anyone in custody. The state alleges that it should be, I'm sorry, the statute alleges that it should be within seven days of the initial detention order. For those out of custody, the court says it should be within a reasonable time. That reasonable time has been interpreted under Shulock to be up to 90 days. So there is a dramatically different treatment of two people, two respondents that are similarly situated, only because one had the fortunate circumstance of being out of custody while the other one is being detained. Finally, again, turning to the timing of the return, that is a consideration that the State is raising. There is no issue with timing here. The State agreed to these continuances. There was never an objection made about these continuances. The State's allegation in their brief. You never heard from the person who was subpoenaed that they couldn't turn it over in time? No. And under all the case law, it's not the responsibility in a subpoena situation of the opposing party to get and convey the information subpoenaed to the subpoenaing party. Indeed, people ex rel. Carrie v. Fisher say it's the exact opposite. That's correct, that it should not be impeded by any review by the opposing party. I have addressed all of the issues I believe that are relative and relevant to the 308 review question. If the panel has any questions, I'd be happy to answer them. Otherwise, I would reserve my time for rebuttal. I have questions, but not for you. Thank you. Thank you. Mr. Sultanzadeh. Good morning, Your Honors. Stephen Sultanzadeh on behalf of the people. In Hardin, the Illinois Supreme Court established the proper standard and the proper procedure for these SVP probable cause proceedings. Hardin made clear that the question is whether there's a plausible account on every element under the SVP Act. When I read Hardin, I thought in my mind that it helped the appellant more than it helped you. Hardin says that if there's not an answer in the Act, you look to this codicil procedure, and that's first. Now, the codicil procedure lays out the guidelines for issuance of subpoenas, and that governs unless there's something in the Act. And I take that to mean something specifically prohibiting the governance of the codicil procedure. Where in the Act do you find that the respondent has no right to a subpoena? Well, the Act is silent as to the subpoena. Well, then the civil procedure Act. Well, the codicil procedure doesn't cover the key question here, which is the timing of the return of the subpoena. Wait. Let's start with, I think you're on step two. Right. Step one is if this was criminal, a criminal case. Yes. People X Ralph Carey v. Fisher says he has a right to subpoena before a preliminary hearing, even when there's no discovery allowed at that point. If it's a civil case, which this is, the civil rules say that once the parties have appeared, they have a right to issue the subpoenas. So if he can get it in civil cases and he can get it in criminal cases, where in the SBP Act do they say, except in this particular type of cause of action, you have no right to? And then you've got the Supreme Court talking about Watson, which they infer that you're entitled to them. Okay. Well, let me take those one. And they adopted Watson. Yes, Your Honor. I'll try to break it down. So I'll talk about Fisher and the criminal procedure, and then your question about the civil procedure. No, my question is, do you concede that in a normal civil action, the statute says that you have a right to subpoena once the parties have appeared? Let's break it down that way. That's what the statute says. All right. And in criminal cases, we know from the Carey case, Carey v. Fisher, that you have a right to subpoena before a preliminary hearing, right? Yes. I mean, it's far more limited than that. But there is a right to a subpoena in limited circumstances under Fisher. Well, it's more than limited circumstances. For example, if you were going to a preliminary hearing in a criminal case, which I have some familiarity with, you're entitled to subpoena the police records. You're entitled to subpoena the, which would include any witness statements. You're entitled to subpoena outside entities, such as telephone companies or, you know, any place that has surveillance videos, all of those things before a preliminary hearing. So the question then is, where does it say in the SVP Act that all the rules about issuing a subpoena in civil cases and criminal cases do not apply in SVP cases? Well, the reason I was trying to break it down is because there's a different answer for each. There are two answers. In the civil context, there's a direct conflict between the timing provisions the legislature set forth under the SVP Act. Why is there a conflict? Because the General Assembly said these probable cause hearings are supposed to take place quickly, within 72 hours, or for good cause shown. And they agreed to, in this case, extensions for it. And does that mean the State will never move for a continuance because of a witness unavailability or something like that? No, Your Honor, but it's difficult here because we're here on a 308. We're talking in hypotheticals. So in this case, yes, there was a continuance. But what we're trying to establish is, is there a right for all SVPs, respondents, to issue subpoenas in all SVP cases? Why not? So we can't. One answer is that you I asked the other attorney, is there any case that you've got that says you're not entitled to subpoenas? Not that you're not entitled to subpoenas generally. But what we have is the SVP Act, where the General Assembly set forth strict timing procedures. But take away the But you violated in this case if it's inviolable. Let me clarify. The reason those timing provisions are relevant precisely to an SVP respondent's right to a subpoena is that the civil It's being held. That may be part of the reason the General Assembly enacted that provision. But what it does is it evidences the General Assembly's intent that we would not have this drawn-out subpoena process prior to the probable cause notice. First of all, you had a right 90 days before his release date to file your petition. Now, in this case, you didn't, but you had a right 90 days in advance. That's correct, Your Honor. And in this case, when you felt like there was a need to continue the case, it was continued. And in any event, you could have a situation, because we're not deciding the facts of this case, whether he was entitled to get a continuance to get this material. You have a situation where a subpoena was sent to a third party. And the third party never said, I can't do this. And if the third party presented to a judge that there was a reason why she couldn't comply, and the judge credited that, then it would be incumbent upon the defendant, I would think, to say, well, Judge, we would respectfully ask for a continuance until such time as she can comply. And the judge would have a great deal of discretion under the law as to whether to grant that continuance or not. But those are all issues well beyond what we have here. And to say that because the legislature says that we should have these hearings within 72 days only for people who are in custody, we're not in a hurry if somebody's actually been released, to say that that somehow abrogates the right to issue a subpoena that would exist in every other civil and criminal case in the state of Illinois, is something that I give you a great deal of credit for standing up here and trying to defend. Well, to clarify, our position isn't that it abrogates the right to issue a subpoena. What it shows is when we're construing the act, there are two separate questions here. There's a statutory question and there's a constitutional question. For the statutory question, we have to construe the statute before us, which is the SVP Act. And when we're construing the General Assembly's intent in creating that act and determining how the discovery mechanisms will work under that act, we have one section of the act that governs the timing. Here's my problem with your argument. As counsel stated earlier, the rights of persons subject to the petition include the right to present and cross-examine witnesses. If a person subject to the act wanted to call a witness who was unwilling to voluntarily come in, doesn't the legislature therefore intend subpoenas to be issued? Well, I think as – I'm not sure it's clear in that particular case, but the way these – How else are they going to compel a witness, an unwilling witness to come in? If you have the right to present witnesses, how are they going to get the witnesses in? Well, typically the probable cause hearing is limited. No, no, no. How – if the – That's up to the judge to limit it. The rights attained in every hearing, it says, not just the trial. In every hearing they have these rights. That includes probable cause. So how do they get a person in to testify at the probable cause? If that – again, if that were – that's a – that limited situation, a judge could – the judge has broad discretion and control. It's docket, it's courtroom, these hearings. A judge could permit the subpoena process to compel that witness to testify. But then they did anticipate a subpoena in this subpoena. Yes, again, our position is not that SVP respondents don't have a right to issue subpoenas. The question here is the timing. But that's the fact question. But that's not the question that's presented to us here. The question that's presented to us in this certified question is specifically whether they have a right to issue subpoenas. Well, to the extent this Court is going to limit itself to the 308 question, and again, we argue in our briefs this Court should limit itself to the 308 question, there's very little controversy. Can SVP respondents issue a subpoena under the Act, as Your Honor alluded to? The simple answer is let the judge determine the rest of it. That's the simple answer. What's argued in the briefs – yes, Your Honor, that's our position. But your brief says that because of this timing requirement, he doesn't even have a right to issue the subpoena. Right. That's what you've argued. To the extent that that comes through in the briefs, that's not the position. In fact, there's a footnote early in our brief where we explain – But why are we here? Because the judge never was able to reach the issue of whether to delay the hearing because there was some bona fide reason why the subpoena could not be complied with within that period of time. Or not. It seems to me very basic. I agree, Your Honor. I think the controversy that arose in the briefing, and this came through in the trial court – I mean, to be candid, this is an issue that was argued in the trial court, was argued in the 308 application to this Court, and has been argued in the briefs is, is there a constitutional right to have that material, the subpoenaed material returned before a probable cause hearing, irregardless, notwithstanding when that hearing takes place? If it's 72 hours, is it, you know, in this case a month, is it 10 days? If I thought, for example, as a trial judge, that even though a third party was subpoenaed and had all these records in her possession for a great deal of time, and that you – that the State decided we're not going to take advantage of this 90-day period to give us the right to file this before his release 90 days in advance, and instead interposed an objection not made by the subpoenaed party, but only by the State, for the sole purpose of stopping them from getting information that would be useful in cross-examination, I suppose in my discretion I would say, get lost. They're going to get this material before the hearing. But if there was a legitimate reason, it would then be the province of the judge to decide whether to continue the hearing over the objection of the State, or whether to grant a short continuance so that these perceived problems in production could be solved. But we don't have that issue before us today. I think that's correct, Your Honor. That issue is not before the Court in the certified question. If this Court's going to stick to the letter of the certified question, it's actually a relatively simple question, as the Court has suggested. What we're talking about is an issue that arose – the defense we're making in our brief is to this constitutional right that is posited by the respondent in this case. But we don't need to reach constitutional rights if we find a statutory right, correct? Well, that would be true, and I suppose I should be more clear. We're also saying there's no – And this judge didn't reach the – I'm sorry, I have to – but the judge did not reach the question, as Judge Epstein pointed out, the feasibility of getting this material here, because he said, all right, there's no right, and therefore I'm not going to consider anything else. And that's what we're answering today. I think that's a fair reading of what the trial judge said in this case. But then there was a certification process where the respondent suggested these four certified questions. The judge sort of made a hybrid of two of them. And that's how we end up here on our interlocutory appeal. I think that's fair. But when we look at the letter of the certified question, again, it just asks, does an SVP respondent have a right to issue this subpoena early in the proceeding, before the probable cause stage? And I think there's very little controversy about that. And I would suppose, if we were to agree with what seems to be now universally accepted, that he has a right to issue the subpoena, then on remand, having had all this time to produce something that was actually in the possession of the subpoenaed party well in advance, there would be absolutely no problem turning it over. Well, I can't – in this case, I can't speak to the – you know, there's nothing in the record. And I have no personal knowledge of any burden on the State in producing those documents. Well, it's not the State being asked to. Or the third party. Right. What's not developed in this case, what was never developed, and I think this goes to questions we've had here today, is what is the burden on the State in this case or any case? And we posited that it's easy to say in a limited case, on a limited record, and, of course, we're not here on a limited factual question. We're here on a 308 appeal where we have a certified question of law. But it's easy to say in certain cases maybe we don't have a heavy burden on the State in production. But that doesn't answer whether there's a constitutional right. What's the burden on the State in producing these documents generally? We are told over and over again not to deal with constitutional issues if there are other ways to resolve a case. The Supreme Court told us that over and over again. What's all the slap that's there for you? You will have no objection from me, Your Honor, on that issue. Why don't we hear from Mr. Coyne if he has a difference of opinion as to the scope of what we're to decide. Yes, sir. Thank you. Thank you very much. Well, you're ahead right now. Maybe you should quit. That thought did occur to me. Is there a difference of opinion as to what the scope of the question presented to us is? There may be a difference, but there is no distinction. There is no law that the State has cited. There is no case law in the State of Illinois that says that it is anticipated that you have a different standard for getting the material than you have for subpoenaing the material. The only difference would be is if the person that was subpoenaed alleged that there was some undue burden, that it was a fishing expedition, any number of things. There was some privacy issues. That's correct. In this particular case, those objections were not raised at the trial court. Those objections were, again, not raised in the petition for 308 review to this court. The State has waived all of those objections. The position that just because you can serve a subpoena doesn't mean you're entitled to the return is without support anywhere in statute or in the law. And that is the position that the State is arguing to you today. That is the position that they have taken in their brief. In fact, that is what the first footnote in their brief says. There is no dispute that the respondent is allowed to issue a subpoena. They then try to craft a new argument outside of the 308 question and say the question is really whether or not somebody can get the material back without alleging any sort of a difficulty with production. But in any subpoena situation, the subpoenaed party has a right to appear before the court saying, in all good faith, I can't do this in this period of time, and here why. And then the judge has to decide whether to credit that. And if she or he does credit it, what the solution is going to be, whether to agree to a continuance of the hearing or whether to compel the hearing to go forward without it. We don't have those facts before us in this case. That would be correct. And if the respondent wanted the records, the respondent would then waive his protections under Section 30. Those are not the state's protections. Well, that's another issue that we don't have before us right now. I understand. Finally, what I would say is the state wants you to read into the SVP Act and to actually do a statutory construction analysis of it. It doesn't need that. It's plain on its face. There's no need to discern intent. The statute is plain on its face of what to do in this situation by referring us over to the Civil Practice Act. I think we all agree. Unless you have any other questions, I would waive the remainder of my time. And thank you. Thank you both. You had a difficult one to play with. Interesting question. We'll take the matter in advisement. A decision will be issued in due course. Thank you very much. Thank you.